IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 14-512 |
| : | |
| SUPREME FOODSERVICE GMBH, : | |
| f/k/a SUPREME FOODSERVICE AG : | |

**GOVERNMENT'S MOTION FOR FORFEITURE MONEY JUDGMENT**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania and Bea L. Witzleben, Assistant United States Attorney, respectfully requests entry of a forfeiture money judgment, and in support of this motion, the United States represents as follows:

1. On September 24, 2014, defendant Supreme Foodservice GmbH, formerly known as Supreme Foodservice AG ("Supreme AG") was charged in a sealed Information with major fraud against the United States, in violation of 18 U.S.C. § 1031 (Count One); conspiracy to commit major fraud against the United States, in violation of 18 U.S.C. § 371 (Count Two); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Three). The Notice of Forfeiture in the Information alleged that the defendant's interest in certain property was forfeitable as a result of Count Three of the Information.

2. On September 22, 2014, the defendant signed a guilty plea agreement pleading guilty to Counts One through Three of the Information. A guilty plea hearing is scheduled for December 8, 2014.

3. As a result of the defendant's guilty plea, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to criminally forfeit its interest in any property,

real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses as charged in Count Three of the Information.

4. As part of the plea agreement, defendant agreed not to oppose criminal forfeiture of the sum of $10,000,000.00, as set forth in the notice of forfeiture. Based upon the facts presented at the plea hearing and those set forth in the government's Guilty Plea and Sentencing Memorandum, the government avers that the sum of $10,000,000.00 in U.S. currency is subject to forfeiture as a result of the defendant's guilty plea to the acts alleged in Count Three of the Information. This sum represents the amount of property which the defendant admits either constitutes, or is derived from, proceeds traceable to the offenses charged in Count Three of the Information. See United States v. Vampire Nation, 451 F.3d 189, 201-202 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable).

5. The government, therefore, requests that a forfeiture money judgment in the amount of $10,000,000.00 be entered against the defendant.

6. Pursuant to the plea agreement defendant has deposited $250,000,000.00 with the Clerk of the Court for the Eastern District of Pennsylvania. Defendant has agreed that it will pay the $10,000,000.00 money judgment in full on the date of the guilty plea and that the Clerk of Court may transfer the sum of $10,000,000.00 from the $250,000,000.00 previously deposited to the United States Marshals Service for the Eastern District of Pennsylvania as payment in full for the forfeiture money judgment. The government requests that the Court direct the Clerk of Court

to transfer the sum of $10,000,000.00 from the $250,000,000.00 previously deposited to the United States Marshals Service for the Eastern District of Pennsylvania as payment in full for the forfeiture money judgment.

7. Although it is not expected that discovery will be required in this case, the government requests authority to conduct discovery in accordance with Fed.R.Crim.P. 32.2(b)(3). (This rule permits the United States to conduct any discovery necessary to identify, locate and dispose of any property subject to forfeiture). Because the government seeks only a money judgment and does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed.R.Crim.P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

For the reasons stated above, the government requests that this Court enter the attached Forfeiture Money Judgment.

                Respectfully submitted,

                ZANE DAVID MEMEGER
                United States Attorney

                */s/ Bea Witzleben*
                BEA L. WITZLEBEN
                Assistant United States Attorney

Dated: December 4, 2014

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this date, I caused a true and correct copy of the Government's Forfeiture Money Judgment to be served upon counsel for the defendants as follows:

> Thomas Gallagher, Esq.
> Pepper Hamilton, LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103

>  */s/ Bea Witzleben*
> BEA L. WITZLEBEN
> Assistant United States Attorney

Dated: December 4, 2014